UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE D. HUNTER,

    Plaintiff,

v.

CARMEN PALMER, et al.,

    Defendants.

_____/

Case No. 1:17-cv-503

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, alleging federal and state-law claims arising from his top bunk assignment. Defendants filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's five objections to the Report and Recommendation. Defendants filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Objection #1.* In his first objection to the Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in failing to hold that "Defendants had effectively waived review of those claims" for which they had provided only "skeletal" arguments, to wit: their claims that they were entitled to qualified immunity, that Plaintiff failed to state any plausible claim, and that

this Court should dismiss Plaintiff's state-law claims (Pl. Obj., ECF No. 75 at PageID.636-638). Plaintiff's argument lacks merit. Contrary to Plaintiff's assertion, Defendants' arguments were not "devoid of any legal argumentation and relevant facts supporting their claims" (*id.* at PageID.637) such that they waived any review of these issues. The Magistrate Judge properly addressed the issues therein, accepting some of Defendants' arguments and rejecting others. Plaintiff's first objection is denied.

*Objection #2.* Plaintiff next "objects to the magistrate's rendition of the factual allegations contained in his Complaint" (Pl. Obj., ECF No. 75 at PageID.638). Specifically, Plaintiff argues that the Magistrate Judge "omitted and/or failed to acknowledge" facts relating to Defendants' "knowledge of those dangers" associated with "trying to climb onto and off the top bunk" and Defendants' "aware[ness] of his pre-existing injuries" as well as the head injury and associated pain and suffering he experienced as a result of slipping while climbing down from the top bunk (*id.* at PageID.638-644). Plaintiff's argument lacks merit. The Magistrate Judge ably summarized Plaintiff's 81-paragraph Complaint, including his pre-existing injuries as well as the injuries he alleged to have sustained as a result of slipping while climbing up or down his bunk bed, his allegations of pain and suffering, the dates of his treatment, and his requests for a ladder and/or lower bunk assignment (R&R, ECF No. 69 at PageID.605-607). Plaintiff's second objection is denied.

*Objection #3.* Plaintiff next objects to the Magistrate Judge's "conclusions as to what claims Plaintiff had properly exhausted in his grievance and against what Defendant" (Pl. Obj., ECF No. 75 at PageID.644). Plaintiff asserts that the Magistrate Judge found that Plaintiff had "only exhausted the unlawful retaliation claim…, without any consideration for the underlying claims asserted in his grievance, which was the continued denial of access to medical care for his

serious medical need" (*id.* at PageID.645). Plaintiff's objection lacks merit. The Magistrate Judge determined that Plaintiff properly exhausted the following claims: "(1) Defendants Palmer, Skipper, and Reed violated his Eighth Amendment rights by failing to install a ladder on his bed; (2) Defendant Jastifer failed to provide Plaintiff with appropriate medical treatment when she examined him on March 27, 2014; and (3) Defendants Lambart, Jastifer, Byrne, Dereen, and Palmer subjected Plaintiff to unlawful retaliation based on their alleged refusal to provide Plaintiff with appropriate medical care between March 20, 2014, and April 23, 2014" (R&R, ECF No. 69 at PageID.614).

Plaintiff also "objects to the magistrate's mischaracterization of the facts in Plaintiff's grievances" (Pl. Obj., ECF No. 75 at PageID.644). Specifically, Plaintiff objects to the Magistrate Judge's use of the word "examined" in describing his claim against Defendant Jastifer and objects to the Magistrate Judge's "failure to acknowledge" that "Defendant Lambart instructed Plaintiff that he was not being treated because of budgetary reasons" (*id.* at PageID.644-645). While Plaintiff disagrees with the Magistrate Judge's descriptions of these two claims, his objection fails to demonstrate any error in the Magistrate Judge's exhaustion analysis or conclusion. Plaintiff's third objection is denied.

***Objection #4.*** In his fourth objection, Plaintiff objects to the Magistrate Judge's recommendations to dismiss for failure to state a claim his retaliation claims against Defendant Lambert, Jastifer, Byrne, Dareen and Palmer (Pl. Obj., ECF No. 75 at PageID.645) and his Eighth Amendment claim against Defendant Jastifer (*id.* at PageID.647).

In analyzing Plaintiff's retaliation claims, the Magistrate Judge determined that Plaintiff "altogether failed to allege facts from which a reasonable person could conclude that Plaintiff's protected conduct in any away motivated Defendants' allegedly improper conduct" (R&R, ECF

3

No. 69 at PageID.617). Plaintiff argues that in reaching this conclusion, the Magistrate Judge "failed to accept all allegations in Plaintiff's complaint as true, and to liberally construe those facts in favor of Plaintiff" (Pl. Obj., ECF No. 75 at PageID.645). According to Plaintiff, "viewing the facts articulated in a light most favorable to Plaintiff a reasonable person could infer from those facts that the only reason why Plaintiff was never scheduled for a health service call out to tend to his serious medical needs was because of his protected conduct" (*id.* at PageID.646). Plaintiff's argument lacks merit. Plaintiff's objection itself simply restates his causation theory without identifying any facts from which retaliation may be plausibly inferred. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

In analyzing Plaintiff's Eighth Amendment claim against Defendant Jastifer, a registered nurse, the Magistrate Judge pointed out that Plaintiff acknowledged in his Complaint that Jastifer examined him on March 27, 2014 and provided him with pain medication (R&R, ECF No. 69 at PageID.620). The Magistrate Judge determined that "[w]hile Plaintiff clearly believes that Defendant Jastifer was negligent or misdiagnosed his condition, such allegations do not implicate the Eighth Amendment" (*id.*). Plaintiff argues that because his Eighth Amendment allegations against Defendant Jastifer were not dismissed during initial screening of his Complaint and because Defendants' motion sought summary judgment under FED. R. CIV. P. 56, the Magistrate Judge "abandoned its position of neutrality" in deciding that his allegations failed to state a claim under FED. R. CIV. P. 12(b)(6) (Pl. Obj., ECF No. 75 at PageID.647). This argument also lacks merit.

While the Court allowed service of Plaintiff's claims following an initial screening of his Complaint (Order, ECF No. 4), Plaintiff cites no authority precluding a magistrate judge from subsequently recommending dismissal of the same claims. Rather, this district's Local Rule

4

72.2(b) permits a magistrate judge assigned to a prisoner civil rights case to "enter such orders and conduct such proceedings in that case as are authorized by statute or rule." W.D. Mich. LCivR. 72.2(b). And the Prisoner Litigation Reform Act expressly imposes a mandatory duty to dismiss a case "at any time" where it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(*ii*). Further, Plaintiff identifies no factual or legal error in the Magistrate Judge's analysis of his claim, analysis that is based on well-established propositions of law. *See Rhinehart v. Scutt,* 894 F.3d 721, 741 (6th Cir. 2018) ("Allegations 'that more should have been done by way of diagnosis and treatment' and 'suggest[ions]' of other 'options that were not pursued' raise at most a claim of medical malpractice, not a cognizable Eighth Amendment claim.") (citing *Estelle v. Gamble,* 429 U.S. 97, 107 (1976)). Plaintiff's fourth objection is denied.

***Objection #5***. Last, Plaintiff "objects to the magistrate's recommendation that Defendants Palmer, Skipper and Reed are entitled to qualified immunity on Plaintiff's claim that those Defendants violated his Eighth Amendment Rights by failing to install a ladder on his bed" (Pl. Obj., ECF No. 75 at PageID.649-651). Plaintiff argues that the Magistrate Judge failed to credit evidence that Defendant Reed "ordered Plaintiff's Bunkie to give Plaintiff his bottom bunk," an order Plaintiff opines is "evidence that Plaintiff was being moved because of his medical condition" and "presents a genuine dispute regarding a material fact" (*id.* at PageID.651-652). Plaintiff argues that the Magistrate Judge also "discredited Plaintiff's evidence regarding the insufficiency of the chair" that was provided to Plaintiff to aid him in climbing up and down from his bunk (*id.* at PageID.652).

Plaintiff's objection lacks merit. As a threshold matter, the Magistrate Judge did not determine that Defendants Palmer, Skipper and Reed are entitled to qualified immunity. Rather,

5

the Magistrate Judge recommends that this Court grant Defendants Palmer, Skipper, and Reed summary judgment under FED. R. CIV. P. 56 as to this claim (R&R, ECF No. 69 at PageID.622). In analyzing Plaintiff's Eighth Amendment claim against them, the Magistrate Judge expressly acknowledged Plaintiff's evidence that the chair was not an "optimal solution" (*id.*). The Magistrate Judge did not commit any legal error in holding that "this evidence hardly establishes that Plaintiff is suffering an 'extreme deprivation,' which deprives him of the 'minimal civilized measure of life's necessities,'" a showing required for a claim under the Eighth Amendment (*id.,* quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). Further, the Magistrate Judge determined that Plaintiff failed to present evidence that he required any sort of lower bunk accommodation or suffered any medical condition or malady that impaired or limited his ability to climb into the upper bunk of his bed (*id.* at PageID.622). Plaintiff's reliance on Defendant Reed's alleged order to Plaintiff's cell mate to give Plaintiff his bottom bunk does not fill this evidentiary gap. Plaintiff's fifth objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Because this Opinion and Order resolves all pending claims, a Judgment will also be entered. *See* FED. R. CIV. P. 58. Last, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 75) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 69) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 50) is GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state-law claims, and the state-law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  March 18, 2019                                     /s/ Janet T. Neff
                                                                                JANET T. NEFF
                                                                                United States District Judge